JURY, Bankruptcy Judge,
concurring.
I concur in the Opinion affirming the bankruptcy court’s judgment that a debt owed by Francis to Wallace is nondis- *923 chargeable under § 523(a)(15). I also do not quibble with the essence of the reasoning applied by the majority in reaching that conclusion. I write separately, however, to emphasize that the existence of a “debt” owed by Francis to Wallace arises under application of California law and, to that extent, I disagree with the majority’s statement “[w]hile our consideration of issues with respect to exceptions to discharge under § 523(a), and particularly § 523(a)(15), is informed by state law, our interpretation of § 523(a)(15) is fundamentally a question of federal law” (italicized emphasis added). I feel compelled to make this distinction since Francis has submitted that the sole issue on appeal is that the bankruptcy court erred by not applying California law. I conclude that the bankruptcy court did indeed apply California law to determine that Francis owes a debt to Wallace. Under federal law, this Opinion confirms that debt is nondis-chargeable.
Section 523(a)(15) provides an exception to discharge “from any debt” to a former spouse incurred by the debtor in connection with a separation agreement which is not excepted under (a)(5). The term “debt” is defined in § 101(12) as “liability on a claim.” The term “claim” is further defined in § 101(5) to mean:
(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured; or
(B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, ....
It is subsection (B) of this definition which creates a debt — i.e. a right to payment — in this circumstance. The Supreme Court has held that a “right to payment” is “nothing more nor less than an enforceable obligation.” Johnson v. Home State Bank, 501 U.S. 78, 83, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991). Whether a right to payment exists in a bankruptcy case is generally determined by reference to state law. Butner v. United States, 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979).
Francis asserts that the nuances between the terms “hold harmless” and “indemnification” compels the conclusion under California law that no right to payment exists from Francis to Wallace. As recognized by the majority, this conclusion is wrong. An excellent discussion of the mechanism by which California law creates this right to payment is found in an unpublished opinion from a bankruptcy court, McFadden v. Putnam (In re Putnam), 2012 WL 8134423, at *9-10 (Bankr.E.D.Cal.2012), where the judge tussled with an argument similar to the one made here by Francis.
In Putnam, the debtor had obligated himself under a Marital Settlement Agreement (MSA) to make lease payments on his ex-wife’s (McFadden’s) car and to make other payments to third-party creditors. After the debtor defaulted on these payments, and therefore defaulted under the terms of the MSA, he filed bankruptcy and sought to discharge the obligations because they did not create a “right to payment” or debt which would be nondis-chargeable under § 523(a)(15). After noting that McFadden might be entitled to specific performance of the MSA on those terms, the judge recognized that was not enough under § 101(5)(B):
That McFadden has a right to an equitable remedy is not quite enough. A right to an equitable remedy for breach of performance will only constitute a ‘claim’ if the breach of performance also ‘gives rise to a right to payment.’ At first, it appears on the face of the Dissolution Judgment that compelling specific performance of Putnam’s obligations under *924 the judgment would result in payment to third-party creditors but not necessarily to McFadden. However, McFadden may have rights to payment as well, through the State Court’s use of its equitable power in enforcing the terms of the Dissolution Judgment. Id. at *10.
The bankruptcy court then noted, as the majority here also does, that although a MSA is interpreted as a contract under California law, once it is incorporated into a dissolution judgment, post judgment remedies supplied by the Cal. Fam. Code become available for enforcement. This analysis then leads to the discussion of Cal. Fam.Code § 290 which provides the “right to payment:”
Thus, to enforce her rights, McFadden may rely on California Family Code section 290, which generally provides that ‘[a] judgment or order made or entered pursuant to [the California Family Code] may be enforced by the court by execution, the appointment of a receiver, or contempt, or by any other order as the court in its discretion determines from time to time to be necessary.’ This statute give the state court broad discretion in fashioning orders enforcing family law judgments. As a result, a court has equitable power to determine the manner in which an obligation under a dissolution judgment is to be paid or performed. And this would include the ‘power to order a spouse to pay money or deliver property into the hands of a third party.’ Id.
Consistent with this reasoning, the Putnam court concluded that the state court could award monetary damages to McFadden based on the debtor’s breach of the MSA. Id. That award of monetary damages is a right to payment: a debt owed to a former spouse.
Cal. Fam.Code § 290 applies equally here as in Putnam and the remedy available to Wallace is enforcement of a “right to payment” from Francis. The bankruptcy court did not err by applying the wrong law. The debt arose under California law, properly applied, a debt which is nondis-chargeable under § 523(a)(15).